Tr. Ct. No. 12-14-00138-CR

54,059-02

IN RE BRYAN G. WILSON

MOTION DISMISSED
DATE: 2-25-15
BY: PC

EQUAL PROTECTION REQUEST FOR
MEMORANDUM, FACTS, FINDINGS AND
CONCLUSIONS OF LAW

IN THE COURT

OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

In the cause No. 12-14-00138CR before the court of Criminal appeals, relator Bryan G. Wilson, in pro se, requests a memorandum, facts, findings and conclusions of law rendered by the Honorable justices.

Relator supplies 14th Amend. U.S. Const, Tx. Const. Art 5 §4,5, Tx. VACCP Art. 4.04, TRAP 47, 77 as applicable authorities. Relator supplies under TRAP 47 that "the court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition...". This is repeated in TRAP 77.1, "in each case that is argued or submitted...the court will hand down a written opinion...".

In TRAP 77.2 "signing" it is given in mirror of TRAP 47.2(a); "each opinion of the court must be designated either an "opinion" or a "memorandum opinion" and "the names of the judges must be noted on all written opinions or orders of the court or a panel of the court."

Relator supplies that notification of original application for writ of mandamus had been received and presented to the court as of 11/24/2014. The next "notice" of a sort, declared a denial of relators Motion for leave to file the original application for writ of mandamus dated 1/21/2015. The problem lies herein that a "white card" notice does not satisfy any of the above quoted authorities, and does not supply a certifiable proof that the court of criminal appeals and its justices has received, deliberated upon and addressed every issue raised before it in relators filings which consist not of one single document but many; motion for leave to file being only one and not the original writ of mandamus. Certenly, the clerk of the court of criminal appeals has not in any circumstances interfered with these processes of law or procedure.

That is why the relator requests under the stated authorities the proof and process due him in accordance with the equal protection clause of the U.S. Constituion; without said memorandum, opinion, facts, findings or conclusions of law signed by the justices, the relator cannot, for federal court purposes, produce the documentation necessary for due process. Relator urges this request be answered in the good faith that it is proffered.

BRYAN G. WILSON in pro se
TDCJ#1041792
W.P. Clements unit
9601 Spur 591
Amarillo, Tx. 79107-9606

## CERTIFICATE OF SERVICE

I hereby certify I have placed the document entitled request for equal protection for memorandum, facts, findings nand conclusions of law in the prison mail box of the W.P. Clements unit, postage pre-paid and addressed to Clerk, Court of criminal appeals, P.O. Box 12308 Capitol Station, Austin, Tx. 78711 on this the __11TH__ day of February, 2015. Sworn to under penalty of perjury.

BRYAN G. WILSON